FILED

03/16/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0105

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0105

STATE OF MONTANA,

Plaintiff and Appellee,

v.

TIFFANY L. ORTEGA,

Defendant and Appellant.

FILED

MAR 1 6 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Tiffany L. Ortega has filed her second verified Petition for an Out-of-Time Appeal. As grounds, she states that she failed to file a timely Notice of Appeal because she was not familiar with the process. She further states that because of her circumstances of homelessness and emotional distress at the time, she would have never committed the crimes. Tiffany explains that we should reconsider her request for this appeal because she wants "to be heard in court and represented."

M. R. App. P. 4(6) allows this Court to grant an out-of-time appeal "[i]n the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice[.]"

On December 1, 2020, this Court denied Tiffany's first petition for an out-of-time appeal because she had not demonstrated extraordinary circumstances amounting to a gross miscarriage of justice. *State v. Ortega*, No. DA 20-0550, Order (Mont. Dec. 1, 2020) (*Ortega I*). We restate her sentencing history. In 2018, Tiffany was facing five charges— (1) criminal endangerment; (2) theft, second offense; (3) assault; (4) criminal mischief; and (5) resisting arrest—in the Fourth Judicial District Court, Missoula County. Tiffany entered a plea of guilty to the first offense, criminal endangerment. The District Court dismissed the remaining charges. The District Court committed her to the Department of Health and Human Services (DPPHS) for a term of ten years with seven suspended. She

received 210 days of credit for time served. The court also sentenced Tiffany for felony theft in a second proceeding and imposed a concurrent, three-year term to DPHHS.

Tiffany has had her day in Missoula County District Court with representation of counsel. She also received credit for time served. In our previous denial Order, we explained then that while she requested a jury trial in her conversations with her attorney, she entered into a plea agreement. Even though she may not agree with her counsel's actions, she had legal representation that advanced her interests. We then stated that:

> She received the benefit of the bargain with a three-year term to DPPHS, minus the credit for time served, followed by seven years of probation. Moreover, the maximum punishment for her two offenses could have totaled a thirteen-year, consecutive prison sentence. Sections 45-5-207(3) and 45-6-301(7)(b)(i), MCA.

*Ortega I*, at 2.

This Court does not reconsider matters that we have already denied and dismissed. A dismissal constitutes a final judgment. M. R. App. P. 19(2). A petition for rehearing, pursuant to M. R. App. P. 20(1)(d), is not applicable here either because Tiffany filed a second, new proceeding two months later. While Tiffany may have wanted a jury trial, we point out that a jury trial would not have necessarily led to acquittal or dismissal of her charges. Tiffany has 2019 convictions and sentences that she does not challenge directly. An appeal cannot change that outcome on the claim she presents. Tiffany is not entitled to an out-of-time appeal. M. R. App. P. 4(6). Accordingly,

IT IS ORDERED that Tiffany's Petition for an Out-of-Time Appeal is DENIED and DISMISSED.

The Clerk of this Court is directed to provide a copy of this Order to counsel of record and to Tiffany Ortega personally.

DATED this 16th day of March, 2021.

_____
Chief Justice

2

Justices